This suit is an action by plaintiff seeking recovery of wages claimed to be due for the unexpired term of his employment, together with certain damages resulting from his alleged unjust discharge as overseer of defendant's plantations.
The facts show that defendant is the owner of certain plantations located in Red River Parish, and plaintiff alleges that in or about the month of October, 1940, he was employed by defendant as overseer of said properties for a period of the remaining months of the year 1940 and the calendar year of 1941; that defendant agreed to pay plaintiff a salary of $125 per month, together with an additional amount equivalent to 2% of the gross value of agricultural products produced on said properties and sold during the term of plaintiff's employment, and, in addition, to furnish plaintiff and his family a suitable residence on the properties for the period of employment without additional cost to plaintiff.
Plaintiff further alleges that, in spite of his able and faithful services, on or about the 13th day of February, 1941, he was summarily discharged by the defendant, and his successor immediately assumed the duties of overseer of the properties.
Under his contention that the attempted termination of his employment was unjustified, unwarranted and constituted a breach of contract of employment, plaintiff brings this action.
In defense of this suit defendant alleges that plaintiff was employed by the month in the capacity as overseer on defendant's plantation properties at a salary of $125 per month, with an additional allowance of 2% of gross products produced and sold during plaintiff's employment. Defendant admitted the agreement to permit plaintiff and his family to occupy a dwelling house on the premises during his employment without additional cost to plaintiff.
Defendant admits the discharge of plaintiff on or about the 15th day of February, 1941, and in justification of such discharge specifically pleads certain acts of disobedience, insubordination, disrespect and inefficiency on the part of plaintiff. *Page 836 
Assuming the position of plaintiff in reconvention, defendant sets up the sale of an automobile to plaintiff for the price of $250, subject to a credit of $125, and seeks recovery from plaintiff of the balance of $125.
There was judgment below rejecting plaintiff's demands and dismissing his suit, and on the reconventional demand allowing judgment in favor of defendant against the plaintiff in the sum of $125.
Careful examination of the record in this case convinces us that its determination must turn upon the agreement of employment between the plaintiff and defendant. It is contended by the defendant and admitted in the testimony of plaintiff that the contract of employment is somewhat unusual to the extent that it was specifically understood between the parties that the employer expressly conditioned the employment, not upon the employee's experience and ability but primarily upon the obedience of the employee to the orders and the acceptance by the employee of the ideas of the employer.
The initiation of the suggestion of employment between the parties was by the plaintiff, McCluer, who thoroughly discussed the terms and conditions of the proposed employment with his prospective employer, the defendant, Dykes, before an agreement was reached.
From a reading of the testimony there can remain no doubt but that Dykes, the owner of the plantations, entertained some unorthodox ideas about their operation and was at particular pains to impress upon the plaintiff that he wanted a man to serve in the capacity of overseer who would unhesitatingly cooperate in carrying out his plans and programs of operation, whether or not the same might appear to be justified by established and customary farming practices.
It was unquestionably the prime consideration of the agreement that the initiative and the final decision in matters of operation was to be left with the employer, not delegated to the employee.
It is established that in some instances the plaintiff disobeyed defendant's orders; that, contrary to specific and repeated instructions, he persisted in the practice of buying items for use on the properties without prior authorization and approval of the defendant; that he was on occasions moody and unpleasant in his relations with his employer, and obviously did not give the degree of cooperation which was intended, and which, in view of the agreement, was rightfully expected by the employer.
Under the existence of these established facts, we can only conclude that the employer was justified in effecting the discharge of plaintiff for cause.
As to the reconventional demand, the testimony supports defendant's claim to the recovery of a balance of $125, representing the unpaid balance of the purchase price of an automobile sold to plaintiff.
It is noted in the written opinion of the District Judge that he recognized the reservation of plaintiff's right to sue for any commission that might be due, but the judgment is silent upon this point. For the purpose of absolute certainty and definiteness, we feel that this reservation of rights should be included in the judgment.
Accordingly, for the reasons assigned, the judgment appealed from is amended by recognizing the reservation of plaintiff's rights to sue for any commissions that might be established as due from defendant to plaintiff under the terms of the contract of employment, and, as amended, the judgment appealed from is affirmed at appellant's cost.
 *Page 81